UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
AT ERIE

| | | |
|---|---|---|
| FRANCESSCA R. GENOVESE | ) | |
| | ) | |
| *Plaintiff*, | ) | CASE NO.   1:15-CV-00064-BR |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING IN PART |
| RALPH GENOVESE, | ) | DEFENDANT'S MOTION TO DISMISS |
| TRUST HOLDINGS, INC., | ) | AND STAYING THE CASE |
| PARAMOUNT LISTS, INC., | ) | |
| GREAT LAKES FULFILLMENT, INC., | ) | |
| CPG, INC., and | ) | |
| FRANK R. GENOVESE, JR. | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## ORDER

Plaintiff Francessca Genovese brings this civil action, alleging that Defendant Ralph Genovese breached his fiduciary duties as trustee of a trust established for Plaintiff by her late father. She seeks monetary and injunctive relief for the breach, as well as a declaratory judgment invalidating a waiver she signed, which forfeited certain rights related to the trust. Plaintiff also brings shareholder claims alleging that Ralph Genovese and Frank Genovese, Jr. breached their fiduciary duties as directors of corporations partially owned by Plaintiff by virtue of the trust.

Defendants move to dismiss, arguing that this Court lacks jurisdiction over Plaintiff's claims related to the trust and, alternatively, asking the Court to abstain from jurisdiction over those claims. Defendant also asserts that Plaintiff has failed to state cognizable claims related to the

1

waiver and her shareholder rights. Defendant's Motion will be granted in part, and the remainder of the case will be stayed pending resolution of concurrent state court proceedings.

I. <u>Factual History</u>

This case is a family dispute involving a testamentary trust and closely-held corporations owned and run by the Genovese family. Because the history between the parties is extensive, the Court recites here only those facts that are necessary to provide background and relevant to its ruling today.

In 1999, Frank Genovese, Sr., passed away, leaving behind a last will and testament directing that a trust be created for the benefit of his two children, Frank Genovese, Jr. and Plaintiff, Francessca Genovese, and naming Ralph Genovese, his father, as trustee. Compl., ¶ 3–4. The will directed the trustee to hold the principal as one fund and to pay all of the net income in installments to or for the benefit of his children. <u>Id.</u>, ¶ 17. When the youngest of the children turned twenty-two, the trust would be split into two sub-trusts, one for each of the children. <u>Id.</u>, ¶ 39. The will gave each beneficiary, upon reaching age 25, the right to withdraw half of the principal of his or her trust, including corporate shares to which they were entitled. <u>Id.</u>, ¶ 54.

Among other assets, the trust held 100 percent ownership in Trust Holdings, Inc. and its wholly owned subsidiaries, Paramount Lists, Inc. and Great Lakes Fulfillment, Inc., as well as CPG, Inc.—all companies that sell consumer data for market research. <u>Id.</u>, ¶¶ 13, 20. Ralph Genovese and Frank Genovese, Jr. serve as directors of Trust Holdings, and Ralph Genovese also serves as the sole director of CPG. <u>Id.</u>, ¶¶ 14–15.

During Plaintiff's teenage years, the relationship between Plaintiff and Ralph Genovese deteriorated. <u>Id.</u>, ¶ 28. Plaintiff alleges that, in 2010, Ralph Genovese stopped making payments from the trust to Plaintiff. <u>Id.</u>, ¶ 35. Plaintiff suffered serious financial hardship during this time,

including inability to pay her rent, which resulted in eviction and a court judgment against her. Id., ¶ 36.

Prior to splitting the trust into sub-trusts, Ralph Genovese instructed Plaintiff to sign a Waiver of Account, Receipt, Release and Indemnification Agreement ("2011 Waiver"), which, among other provisions, waived Plaintiff's right to a formal accounting, acknowledged fees paid to the trustee as proper, and forfeited claims relating to the administration of the trust. See id., Ex. F at 4–5. Ralph Genovese allegedly threatened to stop making payments to Plaintiff if she refused to sign. Compl., ¶ 45. Plaintiff ultimately signed the Waiver. Id., ¶ 46. Shortly before Plaintiff's 25th birthday in January 2014, Ralph Genovese asked that Plaintiff sign a second Waiver of Account, Receipt, Release and Indemnification Agreement. Id., ¶ 55. He allegedly misled Plaintiff by telling her that her right to withdraw 50 percent of her sub-trust was contingent upon her signing the waiver. Id., ¶ 57. Plaintiff declined and requested that Ralph Genovese file a formal accounting with the court. Id., ¶ 58.

On January 7, 2015, Ralph Genovese filed a First and Partial Accounting with the Orphans' Division of the Court of Common Pleas of Erie County. Id., ¶ 71. After the accounting was filed, Plaintiff informed the trustee that she wished to withdraw 50% of her trust, including half of her shares in the family businesses. Id., ¶ 72. On January 26, 2015, Ralph Genovese filed a Petition for Adjudication/Statement of Distribution in the same court. Id., ¶ 73. The Petition for Adjudication asks the court to condition the distribution of shares held by the trust to Plaintiff upon restraints on alienation of those shares. Id., ¶ 74. Shortly thereafter, Plaintiff filed objections to the accounting, which are currently pending. Id., ¶ 77.

3

II. Procedural History

Plaintiff filed her Complaint in federal court on February 19, 2015. The Complaint brings causes of action related to the trust, the 2011 Waiver, and administration of the corporations held by the trust. The Complaint brings the following claims:

- Count I alleges that Ralph Genovese, both in his individual capacity and as trustee, breached his fiduciary duty to Plaintiff by failing to administer the trust in accordance with Plaintiff's best interests, reasonable care, and his duties of good faith, loyalty, and impartiality. Count I also alleges that Ralph Genovese depressed the value of the trust by mismanagement of the businesses held by the trust, and that he paid himself excessive compensation, comingled trust funds, and failed to respond to reasonable requests for information. Plaintiff seeks an order compelling the trustee to perform his trust duties in accordance with the terms of the trust, removing him as trustee, voiding improper actions, and surcharging Ralph Genovese for all damages suffered by Plaintiff. See id., ¶¶ 115–122.

- Count II seeks to void the 2011 Waiver on the basis that it was the product of duress or improper actions by Ralph Genovese and that Ralph Genovese has subsequently attempted to change the valuation of the trust set forth in the Waiver. See id., ¶¶123–127.

- Count III brings a direct shareholder action against Trust Holdings, Paramount Lists, and Great Lakes Fulfillment. Plaintiff alleges that, although the board of Trust Holdings issued shares to Plaintiff in February 2014, Plaintiff has been denied her shareholder rights, including the right to vote and distribution of dividends. Plaintiff also seeks to enjoin all *ultra vires* actions and seeks damages caused by the board maintaining excessive liquidity and wasteful spending, including excessive compensation to officers and employees. Plaintiff also seeks to enjoin "all restrictions against Plaintiff's basic rights inherent in ownership of her shares, including but not limited to, any restraint on transferability or alienation." See id., ¶¶ 130–133.

- Count IV brings claims against Ralph Genovese and Frank Genovese, Jr., alleging that, in their capacity as directors, they oppressed and defrauded Plaintiff, deprived her of her shareholder rights, engaged in self-dealing, failed to approve appropriate dividends, paid themselves excessive compensation, commingled corporate funds, and failed to act in Plaintiff's best interest. See id., ¶¶ 134–135.

Defendants move to dismiss all of Plaintiff's claims, asserting that the Court lacks subject matter jurisdiction over Plaintiff's claims relating to the Trust's management and the 2011 Waiver,

as well as Plaintiff's request in Count III for an injunction preventing restrictions on alienation of Plaintiff's shares. Defendant also argues that Plaintiff has failed to state any claims that meet applicable pleading standards. Because the Court concludes that it lacks jurisdiction over Count I and a portion of Count III and should abstain from jurisdiction over Count II, the Court will dismiss those claims. In light of the considerable overlap between Plaintiff's trust claims and her shareholder claims, the Court will stay the remainder of the case pending resolution of the concurrent state court proceedings.

III. Jurisdiction

Defendants move to dismiss Counts I and II for lack of subject matter jurisdiction, arguing that, under the Princess Lida Doctrine, once Pennsylvania's Court of Common Pleas exercised jurisdiction over the trust, that Court now maintains exclusive jurisdiction over claims relating to the trust. Plaintiff opposes dismissal, responding that her causes of action are *in personam* and thus would not impermissibly interfere with the jurisdiction of the state court.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). "Under Fed.R.Civ.P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). The plaintiff bears the burden of demonstrating that the court has jurisdiction to hear a claim. Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In reviewing a facial challenge under Rule 12(b)(1), a court must consider "'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d

266, 271 (3d Cir. 2014) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)).

In 1939, the Supreme Court in Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 459 (1939), held that once a court has exercised jurisdiction over a trust, that court has exclusive jurisdiction over all *in rem* and *quasi in rem* actions regarding the trust. In Princess Lida, a trustee and the beneficiaries of a trust brought suit in the Pennsylvania Court of Common Pleas—the same state court relevant here—against the settlor to enforce the trust agreement. Id. After that court enforced the agreement against the settlor and removed him as a trustee, two actions for accounting were filed in the same court by the remaining trustees, five years apart. Id. at 459. Almost immediately after the second accounting was filed, the beneficiaries filed suit against the trustees in federal court, alleging mismanagement of trust funds and asking that the trustees be removed and required to repay losses to the trust. Id. The Supreme Court, looking to the jurisdiction conferred on the state court by state law, concluded that, once the filing of the accounting action subjected the trust to the jurisdiction of the state court, the trust and trustees were subject to the full supervisory powers of that court, which allowed the court to make orders regarding "any matter which concerns the integrity of the trust res—its administration, its preservation, and its disposition and any other matter wherein its officers (trustees) are affected in the discharge of their duties." Id. at 465 (quoting Wilson v. Bd. of Directors of City Trusts, 324 Pa. 545, 545 (1936)). Looking next to the federal court claims, the Supreme Court noted:

> [I]t is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other.

6

Id. at 466. Deciding that the federal court claims were "solely as to administration and restoration of corpus," the Court concluded that the federal court lacked jurisdiction over the claims. Id. at 467.

The Princess Lida Doctrine applies to divest a federal court of jurisdiction when "(1) the litigation in both the first and second fora are *in rem* or *quasi in rem* in nature, and (2) the relief sought requires that the second court exercise control over the property in dispute and such property is already under the control of the first court." Dailey v. Nat'l Hockey League, 987 F.2d 172, 176 (3d Cir. 1993). An action is *quasi in rem* within the meaning of Princess Lida when it involves the "'administration and restoration of corpus' and [is] not 'merely an adjudication of [a party's] right or interest.'" See id. at 77 (quoting Princess Lida, 305 U.S. at 466–67). In determining whether jurisdiction exists, courts must "endeavor to distinguish between direct interferences with or control of the res and adjudication of the rights of individuals who have an interest in the res." Bassler v. Arrowood, 500 F.2d 138, 142 (8th Cir. 1974). "Where the action is clearly in personam, federal courts have the power to adjudicate the controversy." Id. at 141 (citing Princess Lida at 456, 466–67). However, "this line of distinction is not always clear." Id. at 142.

In this case, prior to the filing of the federal action, a formal accounting was filed in the Orphans' Division of the Court of Common Pleas of Erie County. When an accounting is filed with the Orphans' Division, that court may "decide or dispose of any question relating to the administration or distribution of an estate or trust and exercise any of its powers" respecting the trust. 20 Pa. Stat. and Cons. Stat. Ann. § 762. "The scope of the powers that may be exercised by that court in relation to the administration, management, and control of the trust property is ample for all purposes" and includes the authority to surcharge the trustee. Wilson, 324 Pa. at 550–51.

7

Further, the court's supervisory control extends to "any matter which concerns the integrity of the trust res--its administration, its preservation, and its disposition and any other matter wherein its officers (trustees) are affected in the discharge of their duties." Princess Lida, 305 U.S. at 462 (quoting Wilson, 324 Pa. at 545).

Given the extent of its supervisory powers, the state court "could not effectively exercise the jurisdiction vested in it, without a substantial measure of control of the trust funds." Princess Lida, 305 U.S. at 467. Thus, here, as in Princess Lida, the state court action for an accounting is *quasi in rem*. In view of this determination, this Court must assess whether the Plaintiff's federal claims are *in rem* or *quasi in rem* claims that would require this Court to exercise jurisdiction over the trust; or whether these claims are merely i*n personam.*

　A.　Counts I and III

Count I alleges breach of fiduciary duty against Ralph Genovese, both individually and in his capacity as trustee. In Count I, Plaintiff makes number of allegations related to Ralph Genovese's administration of the trust, including failure to administer the trust in a manner consistent with his duties of good faith, loyalty, and impartiality; failure to exercise reasonable care or utilize special skills in administering the trust; failure to respond to requests for information; and violation of his duty under the trust instrument to act in the best interest of Plaintiff. Compl., ¶ 116. Plaintiff asks the Court, among other things, to compel the trustee to perform his duties, remove him as trustee, reduce his compensation and disgorge past compensation, void all actions the trustee has taken that are inconsistent with Plaintiff's best interests, and surcharge the trustee for damages caused by breach of his duties. Id. ¶ 122. Similarly, a portion of the relief sought in Count III asks the Court to issue an injunction

8

preventing any trust distribution to Plaintiff from being conditioned on restrictions on alienability of stock currently held within the trust. See id., ¶¶ 74, 132(f).

The relief sought by Plaintiff would require this Court to exercise *quasi in rem* jurisdiction over the trust. An order compelling the trustee to perform various actions respecting his management of the trust goes to the heart of the administration of property already under control of the state court. Although the monetary relief sought by Plaintiff would be satisfied by Ralph Genovese's personal funds, actions for restoration of misappropriated or mismanaged trust funds are nevertheless *quasi in rem* within the context of Princess Lida. See In re Solar Mfg. Corp., 200 F.2d 327, 332 (3d Cir. 1952) (holding, in bankruptcy context, that surcharge action was "quasi in rem for the benefit of the trust."). Indeed, the plaintiff in Princess Lida also sought relief from the trustees' personal funds, and the Supreme Court nevertheless concluded that "these contentions are solely as to administration and restoration of corpus." Princess Lida, 305 U.S. at 467; see also Reichman v. Pittsburgh Nat. Bank, 465 F.2d 16, 18 (3d Cir. 1972) (noting, in dicta, that an accounting filed in state court before a federal court surcharge action would deprive the federal court of jurisdiction under Princess Lida). Any order by this court instructing Ralph Genovese to carry out particular actions with regard to the trust's administration could directly conflict with the state court's orders arising from the accounting. Because this Court cannot adjudicate these claims without interfering with the state court's jurisdiction over the trust, Count I and the portion of Count III asking for an injunction regarding conditions of distribution of the trust corpus will be dismissed for lack of subject matter jurisdiction.

B. Count II

In Count II, Plaintiff seeks a declaratory judgment invalidating the waiver she signed in 2011. Plaintiff alleges that she executed the waiver under duress, that the waiver was the product of

preventing any trust distribution to Plaintiff from being conditioned on restrictions on alienability of stock currently held within the trust. See id., ¶¶ 74, 132(f).

The relief sought by Plaintiff would require this Court to exercise *quasi in rem* jurisdiction over the trust. An order compelling the trustee to perform various actions respecting his management of the trust goes to the heart of the administration of property already under control of the state court. Although the monetary relief sought by Plaintiff would be satisfied by Ralph Genovese's personal funds, actions for restoration of misappropriated or mismanaged trust funds are nevertheless *quasi in rem* within the context of Princess Lida. See In re Solar Mfg. Corp., 200 F.2d 327, 332 (3d Cir. 1952) (holding, in bankruptcy context, that surcharge action was "quasi in rem for the benefit of the trust."). Indeed, the plaintiff in Princess Lida also sought relief from the trustees' personal funds, and the Supreme Court nevertheless concluded that "these contentions are solely as to administration and restoration of corpus." Princess Lida, 305 U.S. at 467; see also Reichman v. Pittsburgh Nat. Bank, 465 F.2d 16, 18 (3d Cir. 1972) (noting, in dicta, that an accounting filed in state court before a federal court surcharge action would deprive the federal court of jurisdiction under Princess Lida). Any order by this court instructing Ralph Genovese to carry out particular actions with regard to the trust's administration could directly conflict with the state court's orders arising from the accounting. Because this Court cannot adjudicate these claims without interfering with the state court's jurisdiction over the trust, Count I and the portion of Count III asking for an injunction regarding conditions of distribution of the trust corpus will be dismissed for lack of subject matter jurisdiction.

B. Count II

In Count II, Plaintiff seeks a declaratory judgment invalidating the waiver she signed in 2011. Plaintiff alleges that she executed the waiver under duress, that the waiver was the product of

improper conduct on the part of Ralph Genovese, and that the waiver is unenforceable, because Ralph Genovese, as part of the 2015 accounting, has reported a value of Plaintiff's trust that is $292,499.50 less than the amount listed in the waiver. Compl., ¶¶ 123–129.

Unlike the claims in Count I, Plaintiff's claim as to the invalidity of the waiver is an *in personam* contract dispute. Because this claim requires the Court to rule only on the parties' individual rights as to the contract, it can be settled without exercising control over the trust. Cf. Lamberg v. Callahan, 455 F.2d 1213, 1216 (2d Cir. 1972) (holding that federal court had jurisdiction over dispute of validity of contract between spouses to make irrevocable mutual wills, even though probate court had exercised jurisdiction over their estates). While a ruling on the waiver could affect the scope of the accounting in state court, that fact does not transform this claim into one *quasi in rem*. Cf. Midwest Employers Cas. Co. v. Legion Ins. Co., No. 4:07CV870 CDP, 2007 WL 3352339, at *3 (E.D. Mo. Nov. 7, 2007) (the fact that action ruling on parties' contract rights may affect size of liquidation does not make it *in rem*). Princess Lida does not divest the district court of jurisdiction over all actions that may impact previously-filed *in rem* actions, but rather only those that require the federal court to exercise jurisdiction over the res. Because this Court could rule on the validity of the waiver signed by Plaintiff without exercising jurisdiction over the trust, Princess Lida does not apply.

IV. Abstention

Defendants next ask the Court to abstain from exercising jurisdiction over Count II. "'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to

repair to the state court would clearly serve an important countervailing interest.'" Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188–89 (1959)).  Generally, the existence of a pending state case does not bar proceedings on the same matter in federal court.  Id. at 817.  A federal court may, however, in limited circumstances, decline to exercise jurisdiction out of concern for "wise judicial administration" in cases where a parallel state court proceeding is underway.  See id. at 818.  In making its determination, the federal court should consider factors such as which court has jurisdiction over property, the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which the different courts obtained jurisdiction.  Id. at 818.

Based on the factors set out in Colorado River, the Court concludes that abstention from jurisdiction over Count II is warranted.  The action for accounting in state court was filed prior to the commencement of this federal action.  Moreover, the state court is traditionally the appropriate forum for matters concerning trusts, and the Orphans' Division of the Court of Common Pleas has special expertise in the Pennsylvania law governing these issues.  See Reichman, 465 F.2d at 18.  Although Plaintiff's request for a declaratory judgment would not require this Court to exercise jurisdiction directly over any res, it would greatly affect and could interfere with the state court's prior jurisdiction over the trust.  Plaintiff has filed objections to the accounting in state court, which center around and depend on the validity of the waiver.  See Mot. to Dismiss, Ex. E.  Plaintiff herself has recognized the overlapping nature of the two cases.  She has moved for a stay in the state court case, asserting that the state court "cannot engage in a meaningful or comprehensive analysis of the accounting" until the issues Plaintiff has raised in federal court are resolved.  Id., ¶ 27.  Indeed, if the Pennsylvania court chose not to stay its proceedings, concurrent jurisdiction could result in conflicting orders from the state and federal courts.  The Third Circuit in Reichman

11

v. Pittsburgh Nat. Bank concluded that abstention was appropriate when an action for accounting of a trust was filed in federal court, and a similar accounting action was subsequently filed in state court. 465 F.2d at 18. Although the state and federal actions here are not identical, given the exceedingly close relationship between the controversies, as well as the potential for conflicting orders, abstention is merited under these circumstances. Count II will be dismissed.

V.  Stay of Remaining Claims

In Counts III and IV, Plaintiff brings a multiplicity of claims against Defendant Corporations Trust Holdings, Paramount Lists, and Great Lakes, as well as Ralph Genovese and Frank Genovese Jr. in their capacity as directors of those corporations. Because these claims closely overlap with issues in the trust dispute currently pending in state court, the Court concludes that a stay of Plaintiff's remaining claims in Count III and Count IV is appropriate.

"A United States district court has broad power to stay proceedings." Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976). When related cases are proceeding concurrently in state and federal court, the decision of whether to stay the federal action pending resolution of the state court case is committed to the court's discretion. Will v. Calvert Fire Ins. Co., 437 U.S. 655, 663 (1978). Because a plaintiff cannot recover damages more than once for the same harm, a stay can be warranted when resolution of a suit under one legal theory could moot a concurrent suit under a separate legal theory. See Bechtel, 544 F.2d at 1215.

In this case, the Court has declined jurisdiction over Plaintiff's claims against Ralph Genovese in his capacity as trustee. Those claims allege that Ralph Genovese failed to administer the trust in accordance with Plaintiff's best interest and the trustee's duties of loyalty, impartiality, and good faith. Further, those claims allege that Ralph Genovese has mishandled the trust funds and failed

12

to prevent unreasonable costs and expenses, including by mismanaging the corporate entities owned by the trust. These claims will now presumably be adjudicated with the Accounting and Petition for Adjudication that were previously filed in state court.

The issues underlying Plaintiff's remaining claims in Counts III and IV bear a strong resemblance to the matters now committed to state court. Though styled as shareholder claims rather than beneficiary claims, Plaintiff's allegations in Count III and IV concern whether Ralph Genovese has breached his duties to Plaintiff and mismanaged the very same property—corporations partially owned by Plaintiff's trust. The factual issues in contention overlap significantly, and recovery on one set of claims could limit possibly duplicative recovery on the other. In light of these considerations, the Court finds that staying Plaintiff's shareholder claims pending resolution of the accounting and petition for adjudication currently proceeding in state court would conserve judicial resources and reduce the litigation burden on the Parties.

VI. CONCLUSION AND ORDER

For the reasons stated above, it is hereby ordered that Defendant's Motion to Dismiss is GRANTED IN PART. The Court orders the following:

1. Count I is dismissed.

2. Count II is dismissed.

3. The Court will not exercise jurisdiction over Plaintiff's request in Count III for an injunction preventing her trust distribution from being contingent on restraints on alienation of stock held by the trust. That portion of Count III is dismissed.

4. The remainder of Count III and Count IV are stayed, and this case is administratively closed pending resolution of the accounting and petition for adjudication previously filed in state court. Within 21 days of resolution of those proceedings, the Parties are directed to file a joint status report updating the Court on the state of their dispute. At that time, Plaintiff may also file an amended complaint

reflecting any changes that may result from the outcome of the state court litigation.

5. Plaintiff's Motion to Disqualify Counsel is stricken with leave to renote as necessary.

**IT IS SO ORDERED.**

DATED this 16th day of September, 2016.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE